Filed 11/30/22  P. v. Guzman CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DENNIS GARCIA GUZMAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B319490<br>(Super. Ct. No. 1312678)<br>(Santa Barbara County) |

Dennis Garcia Guzman appeals an order denying his petition for resentencing pursuant to former Penal Code section 1170.95 (now section 1172.6).[1]  The resentencing petition concerned his 2011 conviction of willful, deliberate, and premeditated murder with findings of a principal armed with a firearm and the crime committed to benefit a criminal street gang.  (§§ 187, subd. (a), 12022.53, subds. (d) & (e)(1), 186.22, subd. (b).)  The trial court sentenced Guzman to a prison term of

---

[1] All statutory references are to the Penal Code.

50 years to life.  We affirmed the conviction on appeal.  (*People v. Guzman* (July 24, 2013, B232497) [nonpub. opn.].)

Following a later petition for habeas corpus, we reversed Guzman's first degree murder conviction based upon the holding in *People v. Chiu* (2014) 59 Cal.4th 155, 158-159 [aider and abettor may not be convicted of first degree murder pursuant to natural and probable consequences doctrine].  (*In re Guzman* (Mar. 3, 2017, B264256) [nonpub. opn.].)  On remand, the prosecutor accepted a reduction to second degree murder rather than retry the matter.

On January 3, 2019, Guzman filed a petition for resentencing pursuant to section 1170.95.  The trial court appointed counsel for Guzman and accepted briefing.  The court then decided that Guzman was entitled to relief and it issued an order to show cause.  On June 21, 2021, following briefing and admission of the reporter's transcripts of the 2011 trial, the court found beyond a reasonable doubt that Guzman was the actual shooter and had the intent to kill the victim when he discharged the firearm.  Alternatively, the court also found beyond a reasonable doubt that Guzman harbored malice aforethought as a direct aider and abettor to second degree implied malice murder.  Guzman now appeals this decision.

We appointed counsel to represent Guzman in this appeal. After examination of the record, counsel filed an opening briefing raising no issues. (*People v. Wende* (1979) 25 Cal.3d 436, 441; *People v. Serrano* (2012) 211 Cal.App.4th 496.)  In response, we advised Guzman that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.  We have received a response from him asserting that the trial court's decision regarding actual malice is not supported by

2

sufficient evidence.  Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 123-124, we present a brief factual and procedural summary of the case and treat the matter pursuant to *People v. Wende, supra,* 25 Cal.3d 436, 441.[2]

*Evidence of Murder*

Hector Perez was fatally shot in an alleyway in Santa Maria claimed by the West Park criminal street gang.  Brothers Dennis Guzman and Alexis Guzman were members of the West Park gang.[3]  Perez was not a member of a criminal street gang; he and Dennis had a physical altercation months before the fatal shooting.  Perez prevailed.

On August 23, 2009, Alexis and a fellow gang member, Pedro Pozos, were in the alleyway.  Perez and Jose Jarquin drove into the alley, parked their vehicle, and began listening to the stereo.  Alexis and Perez then argued regarding the volume of the stereo.

Alexis soon sent text messages seeking support from his fellow gang members, including his brother Dennis.  Perez also sought support from his friends.  Meanwhile, Dennis went to a fellow gang member's residence and asked to borrow a firearm.

A fight ensued in the alley.  Perez was unarmed and shot twice at point blank range.  Eyewitness accounts of the shooter's identity varied – either Dennis, Alexis, or an unknown third person.  Dennis possessed the firearm immediately after the shooting, however, and bragged to others that he shot Perez.

---

[2] We grant Guzman's request to take judicial notice of the reporter's transcript of the original trial.

[3] We refer to the Guzman brothers by their first names not from disrespect, but to ease the reader's task.

Dennis gave the firearm to his sister and instructed her to return it. Two bullets remained within the firearm; four had been fired. Dennis later visited the firearm's owner, sought a shirt, and was wearing cloth gloves.

In reviewing the sufficiency of evidence to support a conviction, we examine the entire record and draw all reasonable inferences therefrom in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Brooks* (2017) 3 Cal.5th 1, 57.) Our review is the same in a prosecution primarily resting upon circumstantial evidence. (*People v. Rivera* (2019) 7 Cal.5th 306, 331.) We do not redetermine the weight of the evidence or the credibility of witnesses. (*People v. Albillar* (2010) 51 Cal.4th 47, 60; *People v. Young* (2005) 34 Cal.4th 1149, 1181 ["Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact"].) "If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*Albillar*, at p. 60.)

Sufficient evidence beyond a reasonable doubt supports the trial court's decision that Dennis harbored express or implied malice. Upon a request by Alexis to join the fight, Dennis obtained a loaded firearm which he then took to the alley. He and Perez fought. When Perez appeared to be prevailing, Dennis shot him twice at point blank range. Pozos, a West Park member, testified that Dennis shot Perez. A .25 caliber firearm was used to commit the murder, similar to the firearm Dennis

4

obtained.  Dennis did not endeavor to assist Perez or obtain medical assistance.

Immediately following the shooting, Dennis possessed the firearm and fled the alley.  He took the firearm to his sister and asked her to return it.  Upon return of the firearm, the owner destroyed it.  Dennis later asked the firearm's owner for a shirt and admitted that he shot Perez, who was unarmed.  The trial court expressly found the firearm's owner was a credible witness beyond a reasonable doubt as was witness Pozos.  Matters of witness credibility and the weight of the evidence are for the trier of fact to decide.  We do not redetermine these matters.  (*People v. Albillar*, *supra*, 51 Cal.4th 47, 60.)

The order is affirmed.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

John R. McGregor, Judge

Superior Court County of Santa Barbara

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.